## Leslie Robinson et al. v. Rhea-Thielens Implement Co.

1. VERDICT—*Upon Conflicting Evidence.*—Where the evidence is conflicting, the verdict will not be disturbed on the ground that the judgment was too small.

Assumpsit, upon the common counts. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

DAN F. RAUM, attorney for appellants.

ARTHUR KEITHLEY, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On January 31, 1900, the parties to this suit, by written agreement, exchanged certain portions of adjoining lots they owned in Peoria, Illinois. In the agreement it was provided that appellee should build two brick walls upon one of the lots in question, to be completed by May 1, 1900, each to be not less than twelve inches thick. The first wall was to be three stories high, be laid six inches on either side of the line dividing the property, and when completed to be and continue a party wall, and upon its completion appellants were to pay appellee $175 in cash. The second was to be parallel with the party wall and forty-six feet distant, and to be " two stories and fire wall

in height." Appellee was to connect the joists, rafters, and walls and roofs with the building then on the premises, so as to completely inclose the building on the property conveyed to appellants, and appellants were to take down the wall then existing and such part of the building as might be necessary to construct the new walls. Appellants afterward concluded that they would not leave standing the building on their premises, but construct a new one instead. This made it necessary to make certain changes, and among others the thickness of the party wall was increased from twelve to sixteen inches. Appellee built the walls provided for, but the party wall was not completed within the time mentioned in the agreement. This suit was brought to recover the amount of $175 mentioned in the contract, and also one-half the additional cost of constructing the wall sixteen inches, instead of twelve inches in thickness, which was claimed to amount to $49.55.

Appellants filed the general issue and two pleas of set-off, claiming damages for loss of rent by reason of the fact that appellee did not complete the contract within the time specified and that appellee was relieved of performing a part of the contract in connecting the walls with the old building, as the latter was torn down by appellants. At the conclusion of all the proofs the court excluded the evidence in regard to the additional cost of building the sixteen-inch wall over that of building a twelve-inch wall, so that portion of appellee's claim was taken from the consideration of the jury. There was a verdict for appellee of $136.20, but a remittitur was entered for $16.20, and judgment was given for appellee for $120.

Appellants contend that the verdict was contrary to the evidence and that the court erred in giving two instructions on behalf of appellee. After the contract was made appellants began to consider the erection of a new building in place of their old one. Appellee was going to build and encouraged appellants to rebuild. There were conferences between the parties concerning the matter, appellee desiring that in case appellants built they should erect their new

building to correspond in appearance with the one to be erected by appellee. Appellants obtained the plans for their new building April 4th, and let a contract for the building between that time and April 10th; work was commenced May 16th, and the party wall was completed up to the height of appellants' building about July 4th.

R. L. Rhea, president of appellee company, testified that appellee was ready to begin work at any time, if appellants had not caused delay on account of the new building; that the work would have been done on the first of May if appellee had not been delayed by appellants' being undecided on account of the new building; that appellee was prepared and had expected to do it.

Appellee therefore contended that there was a mutual understanding between the parties that the work would not be undertaken until the plans for the new building were matured and that in consequence thereof appellee was excused from finishing the party wall by May 1st. In accordance with this theory appellee offered the two instructions complained of, which the court gave. By these instructions the jury were told that if they found from the evidence that appellee was prevented from completing the work within the time limited by reason of the acts of the appellants, and afterward completed the same within a reasonable time, or if the parties mutually agreed that appellee should not build the walls mentioned in the contract until appellants had determined whether they would build a new building or remodel the old one, then appellee was excused for not having the walls completed by May 1st and appellants should not be allowed damages on account of such delay.

Appellants insist that there was no agreement or understanding for further delay; that there was nothing in their acts which excused appellee from completing the party wall at the time mentioned and that these instructions should not have been given for the reason that they were not based upon any legitimate evidence in the case. While the evidence upon this subject is not altogether clear and convinc-

ing, yet upon the whole it tended to support appellee's position and was sufficient in our opinion to warrant the giving of the instructions named.

The amount provided to be paid appellants by the contract for building the party wall was $175 while the judgment is only for $120, leaving a balance of $55, which was allowed appellants under their claim of set-off.

The evidence of the respective parties upon the questions involved in the pleas of set-off was very conflicting, but upon consideration of the same we find nothing to warrant us in disturbing the verdict on the ground that the amount allowed appellants under those pleas was not sufficient. The judgment of the court below is accordingly affirmed.